1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRANDY LEA RUDDER,

                            Plaintiff,

        v.

WASHINGTON STATE DEPARTMENT OF
CORRECTIONS,

                            Defendant.

Case No. C24-5400-JCC-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Brandy Rudder is currently confined at the Washington Corrections Center for Women ("WCCW") in Gig Harbor, Washington. She is proceeding with this action *pro se* and *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's amended complaint, and the balance of the record, concludes that Plaintiff has not stated any claim upon which relief may be granted under § 1983. The Court therefore recommends that Plaintiff's amended complaint and this action be dismissed, without prejudice, under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

REPORT AND RECOMMENDATION
PAGE - 1

## II.     BACKGROUND

On May 23, 2024, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983, in which she identified three claims for relief. (*See* dkt. # 1.) In the first count of her complaint, Plaintiff alleged that she was denied adequate medical care for a knee injury she sustained in 2012 during a prior period of incarceration at WCCW. (Dkt. # 5 at 4-7.) In count two of her complaint, Plaintiff alleged that she was subjected to unsafe conditions during her confinement at WCCW in 2012. (*Id.* at 33-35.) Specifically, Plaintiff claimed that she was assigned to a work crew tasked with moving furniture, boxes, and garbage in and out of a building that was "full of asbestos" and she was not provided any PPE.[1] (*See id.*) Finally, in count three of her complaint, Plaintiff alleged that she was subjected to "torture" when she was placed in a dry cell upon her readmission to WCCW in April 2024, and that she had since been denied adequate medical and mental health care for the trauma she suffered as a result of that placement. (*Id.* at 35-39.)

Plaintiff identified the Washington State Department of Corrections ("DOC") as the only Defendant in her complaint. (*See* dkt. # 5 at 1, 3.) She requested relief in the form of damages and a change to DOC's dry cell policy. (*Id.* at 100.)

After reviewing Plaintiff's complaint, this Court concluded that the complaint was deficient in various respects that precluded the Court from directing service of the pleading on Defendant. Thus, on June 27, 2024, the Court issued an Order declining to serve Plaintiff's complaint and granting her leave to file an amended complaint correcting deficiencies identified in the Order. (Dkt. # 6.)

---

[1] The Court presumes PPE is a reference to personal protective equipment.

REPORT AND RECOMMENDATION
PAGE - 2

1   Among the deficiencies identified by the Court was that Plaintiff's first two claims, those

2   arising out of her confinement at WCCW in 2012, appeared to be barred by the statute of

3   limitations applicable to cases brought under § 1983. (Dkt. # 6 at 4.) The Court also noted that

4   the lone Defendant identified in Plaintiff's complaint, the DOC, was not subject to suit in this

5   civil rights action. (*See id.* at 4-5.) The Court advised Plaintiff that if she wished to pursue this

6   action, she would need to identify the individual DOC employees who caused the harm alleged

7   in her complaint. (*Id.* at 5.) Finally, with respect to Plaintiff's claim that she was subjected to

8   "torture" when she was placed in a dry cell in April 2024, and had since been denied adequate

9   medical and mental health treatment for the trauma she suffered as a result of that placement,

10  Plaintiff was advised that the claim implicated her rights under the Eighth Amendment but she

11  had not alleged a plausible claim for relief because she had not identified any individuals who

12  were deliberately indifferent to her health or safety. (*Id.* at 5-6.)

13       Plaintiff was given thirty days to file an amended complaint correcting the noted

14  deficiencies and was advised that if she failed to timely file an amended complaint, or to correct

15  the deficiencies identified by the Court, the Court would recommend this action be dismissed

16  under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

17       On July 11, 2024, Plaintiff filed an amended complaint in this action. (Dkt. # 7.) Plaintiff

18  identifies a single ground for relief in her amended pleading. Specifically, Plaintiff alleges that

19  her Eighth Amendment rights were violated when she was placed in a dry cell upon her arrival at

20  WCCW in April 2024, and that she has since been denied adequate medical and mental health

21  care for the trauma she suffered as a result of that placement. (*Id.* at 3, 12-18.) Plaintiff once

22  again identifies only the DOC as a Defendant in this action.

23

REPORT AND RECOMMENDATION
PAGE - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

### III.    DISCUSSION

#### A.    Legal Standards

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) she suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he or she was legally required to do

REPORT AND RECOMMENDATION
PAGE - 4

that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

**B.     Analysis**

*1.     Defendant*

Plaintiff once again identifies the DOC as the lone Defendant in this action. As Plaintiff was previously advised, the United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). In addition, it is well established that, under the Eleventh Amendment, a nonconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for federal civil rights actions. *See Whiteside v. State of Wash.*, 534 F.Supp. 774, 778 (E.D. Wash. 1982). Accordingly, the DOC, which is a state agency, is not subject to suit in this civil rights action.

*2.     Inadequate Medical and Mental Health Care*

Plaintiff alleges that her Eighth Amendment rights were violated when she was placed in a dry cell at WCCW in April 2024, and that she has since been denied adequate medical and mental health treatment for the trauma she alleges she suffered as a result of that placement. (Dkt. # 7 at 3, 12-18.)

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes

REPORT AND RECOMMENDATION
PAGE - 5

ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking

reasonable measures to guarantee the safety of inmates. *Id.* In order to establish an Eighth

Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a

subjective component. The Eighth Amendment standard requires proof that: (1) the alleged

wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the

prison official acted with a sufficiently culpable state of mind. *Id.* at 834.

       The objective component of an Eighth Amendment claim is "contextual and responsive

to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting

*Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The state of mind requirement under the subjective

component of the Eighth Amendment standard has been defined as "deliberate indifference" to

an inmate's health or safety. *Farmer*, 511 U.S. at 834. Under the "deliberate indifference"

standard, a prison official cannot be found liable for denying an inmate humane conditions of

confinement unless the official knows of and disregards an excessive risk to inmate health or

safety. *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

       Plaintiff fails to allege a plausible Eighth Amendment claim in her amended pleading

because, as in her original complaint, Plaintiff does not identify any individuals who were

deliberately indifferent to her health or safety. Plaintiff was advised in the Court's Order

declining to serve her original complaint that in order to pursue her Eighth Amendment claim

she would have to specifically identify the individuals whom she believes were deliberately

indifferent to her medical and/or mental health needs, and she would have to allege specific facts

demonstrating that each named individual personally participated in causing her harm of federal

constitutional dimension. (Dkt. # 6 at 6.) Because Plaintiff has not identified any individuals who

REPORT AND RECOMMENDATION
PAGE - 6

1  personally participated in the violation of her constitutional rights, her Eighth Amendment claim

2  necessarily fails.

3      **C.      Motion Requesting Hardship**

4      The Court recently received from Plaintiff a document in which she requests that the

5  filing fee for this action be waived, delayed, or reduced. (*See* dkt. # 8 at 1-2.) Plaintiff indicates

6  in her submission that she has four civil suits pending, and that the 20 percent of her monthly

7  income being taken from her prison account each month for each case presents a hardship as it

8  does not leave her sufficient funds to buy hygiene items, envelopes, and food necessary to

9  accommodate her special diet. (*See id.*) Plaintiff asks that she be allowed to pay only $5.00 per

10 case each month or, in the alternative, a total of 20 percent each month for all cases instead of for

11 each case. (*See id.*)

12     Pursuant to 28 U.S.C. § 1915(a), the Court may authorize the commencement of an

13 action without the prepayment of fees. However, when a prisoner is granted leave to proceed

14 without the prepayment of fees, the prisoner-plaintiff is still required to pay the full amount of

15 the filing fee; he or she is simply permitted to do so over time rather than paying the entirety of

16 the fee up front. *See* 28 U.S.C. § 1915(b). As a part of her *in forma pauperis* application, Plaintiff

17 signed an Acknowledgement and Authorization form which makes clear that she is responsible

18 for payment of the full filing fee under § 1915, and that she is required to make monthly

19 payments equal to 20 percent of her preceding month's income until the filing fee is paid in full.

20 (*See* dkt. # 3.) The *in forma pauperis* statute requires such payments and contains no exceptions

21 that would permit waiver or reduction of such payments. *See* 28 U.S.C. § 1915(b)(2).

22 Accordingly, Plaintiff's request for waiver of the filing fee or reduction of the monthly payments

23 must be denied.

REPORT AND RECOMMENDATION
PAGE - 7

## IV.    CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's amended complaint and this action be DISMISSED, without prejudice, under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B), for failure to state any claim upon which relief may be granted under § 1983. This Court further recommends that Plaintiff's request for waiver of the filing fee or reduction in her monthly payments (dkt. # 8) be DENIED. Finally, the Court recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 17, 2024**.

DATED this 27th day of August, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 8