THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDY LEA RUDDER,<br><br>                Plaintiff,<br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS,<br><br>                Defendant. | CASE NO. C24-5400-JCC<br><br>ORDER |

       This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, U.S. Magistrate Judge (Dkt. No. 9). Judge Peterson recommends that the Court DISMISS Plaintiff's amended complaint. (*See id.* at 1.) Brandy Rudder ("Plaintiff") objects. (*See* Dkt. No. 10.) Having thoroughly considered the relevant record, the Court OVERRULES the objections, ADOPTS the R&R, and DISMISSES the complaint without prejudice.

       Plaintiff submitted a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). The Plaintiff alleged numerous claims about the conditions of her incarceration at the Washington Corrections Center for Women ("WCCW").[1] Judge Peterson initially noted that

---

[1] Count one of Plaintiff's complaint alleged denial of adequate medical care for a knee injury sustained while she was incarcerated at WCCW in 2012. (Dkt. No. 5 at 4–7.) Count two alleged

ORDER
C24-5400-JCC
PAGE - 1

Plaintiff's complaint was deficient because the statute of limitations barred counts one and two, and Plaintiff failed to identify individuals who had caused the alleged harm in count three. (Dkt. No. 6 at 4–6). As such, Plaintiff failed to allege a plausible claim for relief, but Judge Peterson granted leave to amend. (*Id.* at 6). Plaintiff's amended complaint repeated the allegations. (*See generally* Dkt. No. 9). Judge Peterson's R&R identified the same deficiencies in the amended complaint and recommended dismissing the action pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b). (*See generally* Dkt. No. 9).[2] In her objections,[3] Plaintiff again repeats her allegations and does not object to any specific part of the R&R, but she does list several WCCW staff for the first time in the case caption. (Dkt. No. 10 at 1–2.) Because Plaintiff has not filed objections to "specified proposed findings or recommendations" of the R&R, this Court need not review the R&R *de novo*. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3); *CPC Pat. Techs. Pty Ltd. V. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022). The Court considers the addition of named defendants below.

   Plaintiff merely identified the Washington Department of Corrections ("DOC") in her amended complaint and did not specify any "persons" subject to suit as required under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–71 (1989). Although Plaintiff does name WCCW staff in the case caption of her objections, Plaintiff still does not make any allegations

---

that Plaintiff was subjected to unsafe conditions at WCCW in 2012. (*Id*. at 33–35.) Count three alleged that Plaintiff was tortured when she was put into a "dry cell" when Plaintiff was readmitted to WCCW in April 2024. (*Id*. at 35–39). A dry cell is a cell without running water where health services conduct physical assessments, monitor vital signs, and document behavior when individuals are suspected of swallowing or concealing contraband or foreign objects. *See* S.B. 5646, 67th Leg., 2022 Reg. Sess. § 2 (Wash. 2022).

[2] Also, in response to Plaintiff's request to waive the filing fee (Dkt. No. 8), the R&R explains that Plaintiff's filing fee cannot be waived, delayed, or reduced. (Dkt. No. 9 at 7.) Plaintiff references her four pending civil suits and her difficulty purchasing necessities, (Dkt. No. 8 at 1–2), but this does not alter her statutory obligation. *See* 28 U.S.C. § 1915(b)(1).

[3] While not styled or entitled "objections" to the R&R, *pro se* Plaintiff's motion was filed within 14 days of the R&R and objects to dismissal of this action. (*See* Dkt. No. 10 at 1.) As such, the motion will be construed by this Court as objections to the R&R.

ORDER
C24-5400-JCC
PAGE - 2

about what each staff member *did*. (*See* Dkt. No. 10 at 1–2.) Specifically, Plaintiff fails to identify individuals who violated Plaintiff's Eighth Amendment rights by placing her in the dry cell, the only claim permitted under the statute of limitations. Even taking into account her most recent motion, Plaintiff still does not allege specific people who violated her Eighth Amendment rights after she was advised to do so. (*See* Dkt. Nos. 5, 6, 7, 10); *see also Farmer v. Brennan*, 511 U.S. 825, 832–34 (1994) (explaining that a prisoner's Eight Amendment claim requires a showing of subjective deliberate indifference on the part of a particular prison official). Therefore, Plaintiff still fails to state a claim upon which relief may be granted under § 1983.

For the foregoing reasons, this Court OVERRULES Plaintiff's objections (Dkt. No. 10), ADOPTS the R&R (Dkt. No. 9), DISMISSES Plaintiff's amended complaint without prejudice (Dkt. No. 7), DIRECTS the Clerk to count this dismissal as a strike under 28 U.S.C. § 1915(g), and DENIES the motion for waiver of her filing fee or reduction in monthly payments (Dkt. No. 8).

DATED this 9th day of October 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE